IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELIZABETH MCQUITTY and WILLIS MULLINS,

    Plaintiffs,

v.                                                                    No. 13-932 MCA/GBW

TROPICANA ENTERTAINMENT, INC.,
d/b/a Tropicana Laughlin,

    Defendant.

## ORDER GRANTING IN PART
## PLAINTIFFS' MOTION TO COMPEL

This matter comes before the Court on Plaintiffs' Motion to Compel. *Doc. 46.* The Court, having considered the parties' briefing (*docs. 47, 52*), the arguments presented at the April 24, 2014 motion hearing (*doc. 54*), and being otherwise fully advised, hereby orders as follows.

**Rulings Announced at Hearing**[1]

In their responsive briefing, Defendant objected to the entirety of Plaintiffs' Motion on the basis that it was untimely and that Plaintiffs failed to meet and confer in good faith. For the reasons discussed at the hearing, the Court will overrule these objections and address the substantive objections.

---

[1] This portion of the order memorializes the oral rulings made in the Motion Hearing held on April 24, 2014. If there are any discrepancies between those rulings and this order, counsel should raise the issue with the Court immediately.

Defendant's objection to Plaintiffs' Interrogatory 3 is SUSTAINED IN PART. Defendant is ordered to respond with regard to the entire hotel, but only as to complaints concerning bed bugs, and only through December 31, 2011.

Defendant's objection to Plaintiffs' Interrogatory 14 is SUSTAINED.

Defendant's objection to Plaintiffs' Interrogatory 15 is SUSTAINED IN PART. Defendant is ordered to respond only as to materials concerning bed bugs and similar pests.

Defendant's objection to Plaintiffs' Interrogatory 16 is SUSTAINED IN PART. Defendant is ordered to respond only as to materials concerning bed bugs and similar pests.

Defendant's objection to Plaintiffs' Request for Production 3 is SUSTAINED IN PART.  Defendant is ordered to produce all non-privileged materials relating to Plaintiffs' claim only.  Defendant must produce a privilege log with a timeline of relevant events, including when counsel first became involved in the case.  In addition, Defendant shall submit argument regarding when the claims investigation became privileged work product.  Defendant shall provide this information to the Court by no later than **June 2, 2014**.

Plaintiffs' Request for Production 5 is SUSTAINED IN PART.  Defendant is ordered to respond only as to materials concerning bed bugs and similar pests.  However, Defendant will not be required to respond to this discovery request until the Court has entered a protective order as to the proprietary documents.  Counsel is

expected to work together in good faith to draft a mutually acceptable proposed protective order for the Court.

Defendant's objection Plaintiffs' Request for Production 8 is SUSTAINED IN PART. Defendant is ordered to respond only as to materials concerning bed bugs, and only through December 31, 2011.

Defendant's objection to Plaintiffs' Request for Production 9 is SUSTAINED. As worded, the request is overly broad. However, Plaintiffs may attempt to revise and limit this discovery request.

Defendant's objection to Plaintiffs' Request for Production 10 is SUSTAINED IN PART. Defendant is ordered to produce its contract with EcoLab only. However, Defendant need not respond until a protective order has been entered.

Defendant's objection to Plaintiffs' Request for Production 12 is SUSTAINED IN PART. Defendant is ordered to respond to this discovery request, but only through December 31, 2011.

Defendant's objection to Plaintiffs' Request for Production 13 is SUSTAINED. As worded, the request is overly broad. Plaintiffs are ordered to reissue this discovery request to Defendant with limiting language, and only through December 31, 2011.

### Ruling on Plaintiffs' Request for Production 6

At the hearing on Plaintiffs' Motion to Compel, the Court indicated that it would take Plaintiffs' Request for Production 6 under advisement.  The parties agreed that Defendant had complied with this request in part by supplying Plaintiffs with a list of employees who were likely to have been on duty during the relevant time period, and that the only remaining dispute was whether Defendant should be required to provide Plaintiffs with the last known contact information for the employees at issue.  Defendant cites to the Committee Commentary 7 of Rule 16-402 of the New Mexico Rules of Professional Conduct for the position that Plaintiffs may only contact Defendant's employees through Defendant's counsel.  Rule 16-402 states:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.  Except for persons having a managerial responsibility on behalf of the organization, an attorney is not prohibited from communicating directly with employees of a corporation, partnership or other entity about the subject matter of the representation even though the corporation, partnership or entity itself is represented by counsel.

Rule 16-402 NMRA.  Committee Commentary 7 provides, in relevant part:

> In the case of a represented organization, this rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter *or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability*. Consent of the organization's lawyer is not required for communication with a former constituent.  (emphasis added)

Because Plaintiffs seek to impute liability on Defendant through these employees, Defendant argues, Plaintiffs' counsel may not communicate with these

employees directly. Plaintiffs counter that the plain language of the Rule permits Plaintiffs' counsel to contact non-managerial employees because it specifically provides that, except for managerial personnel, "an attorney *is not prohibited* from communicating directly with employees" of a represented entity. (emphasis added)

As an initial matter, it is clear from the Commentary to Rule 16-402 that "[c]onsent of the organization's lawyer is not required for communication with a former constituent." With regard to current employees, however, New Mexico courts have not clarified precisely where Rule 16-402 draws the line regarding communications with employees of a represented entity. The Tenth Circuit has interpreted Oklahoma's similar ethical rule and related commentary in the context of supervisory personnel. *Weeks v. Indep. Sch. Dist. No. I-89 of Okla. Cnty.*, 230 F.3d 1201 (10th Cir. 2000). In *Weeks*, the court held that the ethical rule prohibited counsel from contacting either managerial employees of a represented entity or those employees who have "speaking authority" such that they can bind the represented entity in a legal sense. *Id.* at 1208-09 (10th Cir. 2000). This Court's holding in *Walker v. THI of New Mexico at Hobbs Center* suggests that New Mexico follows a similar interpretation for supervisory employees in the context of Rule 16-402. 803 F. Supp. 2d 1285, 1287 (D.N.M. 2011) (declining to find violation of Rule 16-402 where counsel did not have knowledge that employee "had authority . . . to obligate the organization with respect to the matter in which they were interested"). There are therefore at least two categories of employees covered by Rule 16-402: (1)

current employees in managerial positions, and (2) current employees who can legally bind the represented entity.

There is a dearth of authority regarding whether the prohibition on "communications with a constituent of the organization . . . whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability" creates a third category of subordinate employees covered by the Rule. However, the language of Rule 16-402 itself, explicitly permitting communications with non-managerial employees, cuts against the argument that the Rule creates a third category of personnel whom counsel may not contact directly. The New Mexico Rules of Professional Conduct themselves provide that "[t]he commentaries are intended as guides to interpretation, but the text of each rule is authoritative." NMRA, Rules of Prof. Conduct, Scope. The Court will thus follow the plain language of the Rule itself, which permits communications with lower level employees provided they do not hold managerial positions or have authority to legally bind a represented entity.

Here, the employees Plaintiffs seek to contact are primarily cleaning personnel and employees in lower level positions who are unlikely to hold managerial or supervisory roles and thus implicate Rule 16-402. Moreover, the mere fact that Plaintiffs may run afoul of ethical rules by contacting Defendant's employees does not necessarily relieve Defendant of the obligation to respond to Plaintiffs' discovery requests. *Cf. Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 689 (D. Kan. 1996) (requiring

party to disclose contact information of employees pursuant to Federal Rule of Civil Procedure 26(a)(1) despite potential ethical issue under rule governing communications with a represented organization).

Defendant is therefore ordered to respond to Plaintiff's Request for Production 6 by providing the last known contact information for all current and former employees likely to have been on duty at the front desk or as cleaning staff at Tropicana Laughlin from December 1, 2011 to December 31, 2011.  Defendant shall indicate, for Plaintiffs' guidance, (1) whether the individuals are currently employed with Defendant, and (2) if so, whether they hold managerial positions or have speaking authority for Defendant.  Of course, when utilizing this information, "[t]he court expects counsel to abide by the canons of legal ethics" and Rule 16-402.  *Id.*  The Court therefore GRANTS IN PART Plaintiffs' Request for Production 6.

IT IS THEREFORE ORDERED that Defendant shall have until **June 2, 2014** to produce the ordered discovery.

IT IS FURTHER ORDERED that Defendant shall file a privilege log with argument regarding Plaintiffs' Request for Production 5 and a motion for protective order regarding the EcoLab proprietary documents (either opposed or unopposed), by **June 2, 2014**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE