IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELIZABETH MCQUITTY
and WILLIS MULLINS,

    Plaintiffs,

v.                                           No. 13-CV-0932 MCA/ACT

TROPICANA EXPRESS, LLC,

    Defendant.

## ORDER

THIS MATTER is before the Court *sua sponte*. A federal court must *sua sponte* determine whether it has subject matter jurisdiction over a case. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Plaintiffs initially filed this case in the Eleventh Judicial District Court, in the County of San Juan, State of New Mexico. [Doc. 1-2] Defendant removed this case based on diversity jurisdiction. [Doc. 1, p. 2] Plaintiffs moved to remand this case to state court on the grounds that Defendant failed to establish that the threshold jurisdiction amount in controversy of more than $75,000 was met. [Doc. 8] After the Motion to Remand was fully briefed, Plaintiffs withdrew the motion, stating: "discovery to date has established that the threshold jurisdictional amount has been met." [Doc. 38]

Our Tenth Circuit has held that "a plaintiff's proposed settlement amount is

relevant evidence of the amount in controversy if it appears to reflect a *reasonable* estimate of the plaintiff's claim." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (internal quotation marks and citation omitted; emphasis added). According to Defendant, Plaintiffs' counsel made statements regarding the value of their claim putting the claim at significantly above the $75,000 amount. [Doc. 1; Doc. 1-3] However, in its removal, Defendant did not provide the Court with evidence to support the reasonableness of such demand. *See id.* at 957 (discussing facts in the complaint for wrongful death which "on its face may be sufficient by itself to support removal" in addition to the statement of the plaintiff's counsel that the amount in controversy "'may very well be'" more than $75,000).

"[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter." *Laughlin*, 50 F.3d at 873. Accordingly, the Court will review the evidence upon which Plaintiffs believe jurisdiction exists to determine whether this Court has subject matter jurisdiction, as well as any evidence Defendant submits which establishes by a preponderance of the evidence that the amount in controversy at the time of removal met the jurisdictional threshold. *See McPhail*, 529 F.3d at 956 ("[B]eyond the complaint itself, other documentation can provide the basis for determining the amount in controversy—either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward."); 16 James Wm. Moore, Moore's Federal Practice, § 107.41[1][d][ii] (3rd ed. 2013) ("In determining that diversity jurisdiction actually existed at the time of removal, the district court may consider evidence introduced into

the record after the case was removed.  Such evidence may be considered to the extent it sheds light on the situation that existed when the case was removed.").

**THEREFORE**, Plaintiffs are **HEREBY ORDERED** to submit to the Court on or before August 15, 2014, an affidavit, and to attach to such affidavit a true and correct copy of the evidence which formed the basis for Plaintiffs' withdrawal of their Motion to Remand.

**FURTHERMORE,** Defendant is **HEREBY ORDERED** to submit to the Court on or before August 15, 2014, an affidavit, and to attach any evidence which establishes that the jurisdictional amount in controversy existed at the time this case was removed.

**IT IS SO ORDERED** this 5th day of August, 2014 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court