IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELIZABETH MCQUITTY and WILLIS MULLINS,

    Plaintiffs,

v.  No. 13-932 MCA/GBW

TROPICANA ENTERTAINMENT, INC.,
d/b/a Tropicana Laughlin,

    Defendant.

## ORDER

This matter comes before the Court on Plaintiffs' Motion to Compel Deposition of Expert (*doc. 78*), Plaintiffs' Motion to Extend Time for Ecolab Deposition and to Take Perpetuation Depositions (*doc. 79*), and Defendant's Motion to Extend Deadline for Responding to Motion in Limine (*doc. 100*).  The Court held a hearing on these motions on October 6, 2014.  *Doc. 120*.  Having considered the briefing, the arguments presented at the hearing, and being fully advised, the Court hereby rules as follows.

**Plaintiffs' Motion to Compel Deposition of Expert (*Doc. 78*)**

Plaintiffs seek to depose Defendant's bed bug expert, Richard Pollack, Ph.D. Plaintiffs allege that Defendant refuses to produce this expert for deposition while Defendant's Motion to Bar Plaintiffs' Expert Testimony (*doc. 58*) is still pending.  That motion seeks to prevent Plaintiffs' expert, Mr. Seeman, from testifying due to Plaintiffs' failure to timely disclose him as their expert witness.

Defendant opposes Plaintiffs' Motion to Compel, stating that it "has no intention of introducing expert testimony if Plaintiffs are barred from introducing expert testimony." *Doc. 93* at 2. Defendant argues that, if Plaintiffs are permitted to depose Dr. Pollack, Defendant will have to incur the costs and fees associated with preparing him for a deposition when he may not ultimately testify.

After hearing from both sides, the Court ordered that it would hold in abeyance ruling on Plaintiffs' Motion to Compel (*doc. 78*) until the Court had ruled on Defendants' Motion to Bar Testimony (*doc. 58*). If Defendant's motion is denied, the Court will permit Plaintiffs to conduct Dr. Pollack's deposition, notwithstanding the fact that the discovery period has closed.

### Plaintiffs' Motion to Extend Time for Ecolab Deposition and to Take Perpetuation Depositions (*Doc. 79*)

Plaintiffs filed their Motion to Extend Time on July 28, 2014, requesting an extension to depose an Ecolab representative. The Court had previously permitted Plaintiffs until July 31, 2014, to conduct this deposition. *See doc. 76*.

In support of their Motion, Plaintiffs aver that Ecolab produced 300 pages of documents concerning bed bugs at Tropicana Laughlin on July 28, 2014, and that Defendant also had additional discovery to supplement. *Doc. 79* at 1. Plaintiffs requested an opportunity to review these documents before conducting the deposition

2

of Ecolab's representative. In their Motion to Extend, Plaintiffs also requested leave to conduct two "perpetuation depositions," but withdrew this request at the hearing.

Defendant counters that Plaintiffs should not be entitled to yet another extension, and asserts that Plaintiffs' own delay caused their failure to complete discovery in a timely fashion. Defendant further contends that permitting this deposition would prejudice Defendant by creating additional expenses and interfering with briefing on dispositive motions.

At the hearing, Plaintiffs agreed to conduct the proposed deposition telephonically, and maintained that it would not take more than two hours.

The Court concluded that there would be little prejudice to Defendant if Plaintiffs conduct this deposition telephonically. The Court therefore GRANTS IN PART Plaintiffs' Motion to Extend Time for Ecolab Deposition. Plaintiffs have 45 days to complete the deposition of an Ecolab representative. The deposition will be conducted telephonically unless the witness is located in Albuquerque or Santa Fe.

**Defendant's Motion to Extend Deadline to Respond to Motion in Limine (*Doc. 100*)**

On August 7, 2014, Plaintiffs filed a Motion in Limine to Exclude Evidence of Prior Workers' Compensation and Other Claims. *Doc. 83*. Defendant then filed the instant Motion to Extend Deadline, in which it asks that the response deadline for all motions in limine be set in relation to the trial setting rather than the standard briefing schedule set out in the Local Rules.

In support of its Motion, Defendant argues that Plaintiffs' motion is premature because the trial date has not yet been set. Defendant further contends that it is not prepared to respond to motions in limine at this time and that it should not have to incur the cost of responding to a motion in limine when there is still a possibility that the case will settle. *See generally doc. 100*.

Plaintiffs do not oppose granting Defendant additional time to respond, but ask that the Court only give Defendant an additional 30 to 45 days, or set the briefing schedule in relation to the Pretrial Order deadline. Plaintiffs assert that motions in limine help to focus the issues and to cause the parties to reevaluate settlement positions, and should therefore be resolved earlier than on the eve of trial.

Having heard from both sides, the Court is persuaded that it is unnecessary to complete briefing on any motions in limine at this time.

IT IS THEREFORE ORDERED that Defendant's Motion to Extend is GRANTED. The deadline for responding to Plaintiffs' Motion in Limine—and to any other motions in limine filed well in advance of trial—shall be 75 days before the trial date. Replies will be due in accordance with the normal briefing schedule under the Local Rules.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE