IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELIZABETH MCQUITTY
and WILLIS MULLINS,

    Plaintiffs,

v.                                        No. 13-CV-0932 MCA/GBW

TROPICANA ENTERTAINMENT,
INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendant's Motion for Review of Clerk's Action.* [Doc. 145] The Court, having reviewed the submissions, the relevant law, and otherwise being fully informed in the premises **GRANTS** the *Motion*.

## BACKGROUND

Plaintiffs McQuitty and Mullins filed a Complaint in this Court alleging that they were bitten by bed bugs while staying at Defendant's hotel. Defendant made an offer of judgment to Mullins on May 19, 2014, which Mullins did not accept. [Doc. 57] Defendant made two offers of judgment to McQuitty, the second of which she accepted on January 8, 2015. [Doc. 135] This Court entered summary judgment in favor of Defendant and against Mullins on March 25, 2015. [Doc. 138] Subsequently Defendant moved for its costs, which included its removal fee, depositions (court reporter costs) of 7 witnesses including the Plaintiffs, and the costs for video depositions of Plaintiffs. [Docs.

1

140, 140-1] Defendant attached an itemized Cost Bill that stated "Copies of receipts are attached hereto as Exhibit A-1," but Defendant did not actually attach the receipts. [Doc. 140-1; Doc. 144] In her affidavit, counsel for Defendant stated that "each of the listed depositions was necessary for the development of the facts." [Doc. 140-2, ¶ 3] The Clerk disallowed the deposition costs, in part because receipts were not attached,[1] but allowed the removal fee cost.[2] [Doc. 144]

Defendant then filed the present *Motion for Review of Clerk's Action*. [Doc. 145] Defendant submits that, in its *Cost Bill*, it cited as Exhibit A-1 the receipts supporting its costs, but Defendant inadvertently omitted the attachment. [Doc. 145; Doc. 140-1] Defendant attached the receipts to its *Motion for Review of Clerk's Action*. [Docs. 145-1, 145-2] Plaintiff responds with two arguments: first, that Defendant is in fact making a motion to reconsider, which is only appropriate when the court misapprehended a party's position, the facts, or the applicable law; and, second, that Defendant "has cited no authority that would permit this Court to tax 100% of the litigation costs in this case to only one of the Plaintiffs."[3] [Doc. 147, pp. 2-3]

---

[1] The Clerk also concluded that because "the depositions for E. McQuitty, W. Mullis, G. Duquette, R. Maxey and J. Langham were not cited by either party in the filings in support of or in opposition to the motions for summary judgment, the deposition costs are deemed not reasonably necessary to the litigation and are not recoverable. D.N.M.LR-Civ. 54.2(b)(2)(B)." [Doc. 144, p. 2] This is incorrect. All but Gregory Duquette's depositions were attached to various filing related to the Motions for Summary Judgment, as discussed more below.

[2] Plaintiff did not file any motion challenging the allowance of the removal fee, and thus the Court does not address this cost.

[3] In the briefing on *Defendant's Motion to Tax Costs Against Plaintiff Willis Mullis*, both parties made arguments that they have not incorporated into the briefing now before the Court on *Defendant's Motion for Review of Clerk's Action*. The Court concludes that the

The Court sets out further facts as necessary within the analysis, below.

**ANALYSIS**

The Court reviews the Clerk's taxation of costs *de novo*. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964), *disapproved of on other grounds by Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442-43 (1987). In reviewing the Clerk's taxation of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), the Court exercises its "sound judicial discretion." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002). Given the well-established case law setting the standard of review applicable to a motion to tax costs and a motion to review the clerk's taxation of costs, Plaintiff's argument, that the standard applicable to a motion to reconsider or a motion under Federal Rule of Civil Procedure 60(b) [Doc. 147, pp. 2-3] should apply here, is without merit.

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).[4] "[T]he burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled and [the party] assumes the risk of failing to meet that burden." *Allison*, 289 F.3d at 1248-49.

---

parties waived these arguments and will not consider them.
[4] The Court believes that Defendant correctly cites only Rule 54 in its *Motion for Review of Clerk's Action*. Federal Rule of Civil Procedure 68 does not apply here because Defendant was the prevailing party. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351-353 (1981) (stating that "Rule 68 confines its effect to th[ose cases] . . . in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer;" discussing the relationship between Rules 54(d) and 68).

3

> [T]he district court's discretion in taxing costs is limited in two ways. *See Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458–59 (10th Cir.1995) (en banc). First, "Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Id.* at 459. Second, the district court "must provide a valid reason" for denying such costs. *Id.*; *see also Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir.1995) (stating that denying costs to a prevailing party is a "severe penalty" and explaining that "there must be some apparent reason to penalize the prevailing party if costs are to be denied").

*In re Williams Secs. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009). By statute, costs are allowed for "transcripts and copies 'necessarily obtained for use in the case.'" *Id.* (quoting 28 U.S.C. § 1920(2) & (4)).

> Whether materials are necessarily obtained for use in the case is question of fact to be determined by the district court. *U.S. Industries*, 854 F.2d at 1245. However, "items proposed by winning parties as costs should always be given careful scrutiny." *Id.* (quoting *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964)). "Necessarily obtained" does not mean that the materials obtained added to the convenience of the parties or made the task of the trial judge easier, and the "most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." *U.S. Industries* at 1245–46. However, if materials are reasonably necessary for use in the case although not used at trial, the court is nonetheless empowered to find necessity and award costs. *Id.*

*Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). The Court does "not employ the benefit of hindsight in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case," but rather, considers solely whether the cost was reasonable "on the particular facts and circumstances at the time the expense was incurred." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d at 1148 (internal quotation marks and citations omitted).

When "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), "the costs

4

associated with videotaping a deposition are taxable." *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477-78 (10th Cir. 1997). *Tilton* expressly applied the reasoning of *Meredith v. Schreiner Transp.*, 814 F.Supp. 1004 (D.Kan. 1993) in concluding that a videotape transcript, as well as a "stenographic transcript of a videotaped deposition," are allowable when they meet the requirement of Section 1920(2) that they are "necessarily obtained for use in the case." *Tilton*, 115 F.3d at 1478. In *Meredith*, the video depositions of physicians were shown at trial, and the Court recognized a preference to use a videotape deposition rather than solely a paper transcript as a "means of presenting an absent witness's testimony because they allow the trier-of-fact to better judge the credibility of the witness and, in many cases, save time." *Meredith*, 814 F.Supp. at 1005-06. In both *Meredith* and *Tilton*, the Court concluded that the costs of video deposition are recoverable. *See id.* at 1006; *Tilton*, 115 F.3d at 1477.

Here, Defendant asserts that, even though expressly referencing the deposition receipts, it inadvertently failed to attach them to its original Motion for Costs. Local Rule 54.1 only demands "receipts as required by rule or statute," and Plaintiff points to no rule or statute requiring receipts under these circumstances. While the Court may have agreed with the Clerk's conclusion, had receipts never been produced, at this stage receipts have been produced, thus evidencing the costs. *See Alabama Power Co. v. Gorsuch*, 672 F.2d 1, 5 (D.C. Cir. 1982) (not requiring receipts in awarding travel and postage costs); *World Triathalon Corp. v. Dunbar*, 539 F.Supp.2d 1270, 1290 (D. Haw. 2008) (conditioning award of costs on the claimant filing "supplemental declaration with the relevant receipts attached"). Thus, the Court may, and will, in its discretion consider the receipts which

5

have now been provided.

The Court concludes that the videography costs Defendant incurred were not "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Defendant did not explain why it was necessary to take Plaintiffs' depositions by video. Unlike witnesses who will not testify live at trial, presumably both Plaintiffs would have testified live. *Compare Meredith*, 814 F.Supp. at 1005. Without some explanation as to why it was necessary to take Plaintiffs' depositions by video, the Court concludes that Defendant did so for its own convenience or strategic purpose. *See Allison*, 289 F.3d at 1248-49 ("[T]he burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden."). Applying *Tilton* and *Meredith*, the Court concludes that the videography costs were not necessarily obtained for use in the case.

Next are the costs for the transcripts of Plaintiffs and five additional deponents. First, the Court concludes that the transcription fees for Plaintiffs depositions were necessarily obtained for use in the case given the use of the transcripts by both Plaintiffs and Defendants in their respective Motions for Summary Judgment. [Doc. 87-1; Doc. 87-3; Doc. 88, ¶ 11; Doc. 90-3; Doc. 91-2]  Next the Court considers the deposition transcription costs of John DeFiore, Ray Maxey, and Tonya Hernandez (all employed at the time of the incident by Defendant). Not only did Defendant attach portions of these transcripts to one of its Motions for Summary Judgment [Doc. 85-1; Doc 85-2], Plaintiff attached portions of these three transcripts to his *Motion for Partial Summary Judgment* or his *Response to Defendant's Motion for Summary Judgment on Plaintiffs' Negligence*

*Claim.* [Doc. 89-1; Doc. 89-2; Doc. 102-1; 102-2]  Moreover, the Court reviewed these transcripts in addressing the various motions and the evidence in the transcripts was pertinent to the arguments by each party.  [Doc. 137, pp. 2-3, 17]  The Court concludes that it was necessary in this case for Defendant to obtain and review the transcripts of the depositions of John DeFiore, Ray Maxey, and Tonya Hernandez given their use throughout the briefing and the Court's consideration of the transcripts in this case.

Plaintiff took Gregory Duquette's deposition and Defendant purchased a copy of the transcript.  Mr. Duquette was a representative of Ecolab, Defendant's pest management contractor.  Mr. Duquette's deposition was taken on November 14, 2014 [Doc. 141-3], after the Motions for Summary Judgment were fully briefed, and thus his deposition was not attached to any Motion for Summary Judgment.  Defendant states the following to establish why it needed to obtain a copy of Mr. Duquette's transcript:

> Mr. Duquette's deposition was taken by Plaintiffs in an attempt to show that Tropicana acted negligently, Tropicana also examined the third-party witness, and obtained a copy of the transcript in order to prepare the case for trial, and the deposition was thus reasonably necessary to the litigation.

[Doc. 145, pp. 3-4]  Given that all Motions for Summary Judgment had already been briefed, the Court does not believe that it was necessary for the case for the Defendant to order Mr. Duquette's transcript prior to the Court's rulings on the Motions for Summary Judgment.  Had Defendant not been successful on its Motion for Summary Judgment and had Defendant shown some need for the transcript in preparation for trial, Mr. Duquette's transcript may have been necessary.  But, considering what was known to the parties at the time, Defendant has not shown a need to order Mr. Duquette's transcript prior to the

7

ruling on the Motions for Summary Judgment.

Defendant requests the costs for a copy of Julia Langham's deposition. Ms. Langham was employed by Defendant, and thus she was available to Defendant. Defendant did not list Ms. Langham as a witness for trial in its Proposed Pre-Trial Order submitted to the Court. Defendant attached one page of Ms. Langham's deposition to its *Memorandum in Support of Partial Motion for Summary Judgment on Plaintiffs' Negligence Claim* to establish the number of rooms in the Tropicana. [Doc. 87-2] Defendant had and could have submitted documentary evidence (which was made part of the record by Plaintiff) as to the number of rooms in its hotel [Doc. 89-4], or Ms. Langham's testimony regarding the number of rooms could have been submitted by affidavit. Thus, the Court concludes that Defendant has not established that it was necessary for Defendant to obtain a copy of Ms. Langham's deposition at the time it did so, and rather, that Defendant did so for its own convenience.

Finally, without citing any case law, Plaintiff argues that he should not be liable for 100% of the costs here where Defendant settled with the other Plaintiff. [Doc. 147, p. 3] Defendant did not respond to this argument in the pertinent briefing. [Doc. 145; Doc. 148]

While the Court found no on-point Tenth Circuit authority, other Circuits have addressed this issue. The Court will apply the conclusion of the Third Circuit that: "In dividing costs among multiple parties on one side of the bar—either prevailing or non-prevailing—the court may choose to impose costs jointly and severally or to disaggregate costs and to impose them individually." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449,

469 (3rd Cir. 2000) (collecting cases). While Defendant argues that it would have incurred all of the deposition costs even if McQuitty had not been a Plaintiff, it also would have incurred all of the costs if Mullins had not been a Plaintiff. Here there were two causes of the costs incurred to Defendant: the claim by McQuitty and the claim by Mullins. Because Defendant settled with one Plaintiff, Defendant was not entirely a "prevailing party" in the sense that it should be awarded its full costs. That is, considering the costs of the lawsuit as a whole, it would be inequitable to award Defendant 100% of the costs when Defendant was in fact only 50% successful. Rather, in this case, it is equitable to distribute the costs per each Plaintiff.

Accordingly, the Court will award Defendant 50% of the costs for the depositions of McQuitty, Mullins, John DeFiore, Ray Maxey and Tonya Hernandez. This amount totals $1610.29 (in addition to the $400.00 removal fee which Plaintiff did not challenge).

**CONCLUSION**

For the foregoing reasons, *Defendant's Motion for Review of Clerk's Action* is **GRANTED**, and Defendant is awarded $1610.29 in costs.

**SO ORDERED** this 23rd day of February, 2016 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge